[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff corporation is engaged in the business of providing a uniform rental service. The defendant operates a truck stop and has several employees. On April 2, 2001, the two parties entered into a sixty-month contract, Exhibit #1, whereby the plaintiff was to provide uniforms for employees of the defendant at a rate of $7.00 per week for each employee. The plaintiff was also obliged each week to leave clean uniforms and take the dirty uniforms for laundering. It was necessary that the employees be measured and uniforms be made to fit each employee. The defendant had three employees who each required eleven shirts and eleven pants. The uniforms were delivered towards the end of May 2001.
The parties are in disagreement as to what occurred after the uniforms were delivered to the defendant. It is the plaintiff's claim that when it went to pick up the dirty uniforms at the end of the first week the defendant's employees had not as yet started to wear them. It is the plaintiff's claim that on June 11, 2001, after a few weeks of service, the defendant requested and the plaintiff agreed to a new arrangement, referred to as Unilease. Under this arrangement the plaintiff no longer would launder the uniforms and the defendant would pay a reduced weekly rate of $5.25 per week per employer. An invoice dated June 11, 2001 also reflects a delivery environmental charge of $8.25 per week. This charge is not included in Exhibit #1. The plaintiff claims that the Unilease continued in effect until November 1, 2001 when it notified the defendant that he was in breach of the agreement, Exhibit #1, because of non-payment, and that damages totaled $4,310.02, in accordance with a formula provided in the agreement. The notice to the defendant stated that he was still in possession of the uniforms valued at $792.00.
The defendant testified that he entered into the original contract with the plaintiff which provided for a payment of $7.00 per week per employee, and for the plaintiff to launder the uniform on a weekly basis. He claimed that he paid $700.00 or $800.00 for the cost of the CT Page 1891 uniforms and thereafter paid nothing because the plaintiff did not pick up the uniforms for laundering. It was his position that he did not agree to the Unilease change in the contract, and was unaware of any charges that were to be made beyond $7.00 per week per employee. The defendant's former manager testified that he washed all the uniforms for a few weeks because the plaintiff was not picking them up. He also testified that he did not request a change in the original contract and did not have the authority to do so. The defendant testified that after a few weeks the plaintiff requested the return of all the uniforms, they were put in a bag and someone from the plaintiff picked them up. It is the defendant's claim that, other than the original payment of $700 or $800, he paid nothing to the plaintiff because he did not receive the service he had contracted for on April 2, 2001.
The basic dispute between the parties appears to rise out of the claim by the plaintiff that the terms of Exhibit #1 were changed so as to eliminate the obligation of the plaintiff to launder the uniforms on a weekly basis in exchange for a lower weekly charge. The defendant claims that he did not authorize any change in the terms of Exhibit #1 and refused to make any payments because the plaintiff was not laundering the clothes as it was required to do. The plaintiff's service manager testified that the defendant did make payments in accord with the revised agreement and that the plaintiff had records which would reflect such payments. No such records were offered in evidence.
The plaintiff has the burden of proving by a fair preponderance of the evidence that the defendant is in breach of the contract between the parties. The court finds that the plaintiff has failed to prove that the defendant agreed to the alleged change in the terms of Exhibit #1. The plaintiff has failed to prove that it provided the services as required in the contract, or that the defendant is in breach of said contract.
Judgment may enter in favor of the defendant
William L. Hadden, Jr.
Judge Trial Referee CT Page 1892